61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio PONS, Defendant-Appellant.
 Nos. 93-10558, 93-16957, 93-16796.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1995.*
Decided July 6, 1995.
 
 Before: SCHROEDER, BEEZER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We have before us three appeals by Jose Antonio Pons, a federal prisoner, from adverse district court action in three different proceedings. We consolidate the appeals for purposes of this disposition.
 
 Post-Conviction Motions
 
 3
 In appeal No. 93-10558, Pons challenges the district court's denial of three post-conviction motions. He contends the district court erred when it denied his post-conviction motions for recusal of the prosecutor; return of property under Fed.R.Crim.P. 41(e); and correction of the presentence report (PSR) under Fed.R.Crim P. 32.
 
 
 4
 The judgment of the district court denying the motion to recuse the prosecutor must be affirmed because the issue of the prosecutor's bias in future proceedings is premature and not ripe for consideration. Cf. Goodman v. United States, 33 F.3d 1060, 1062-63 (9th Cir.1994) (potential Sixth Amendment infringement not ripe for adjudication). To the extent this motion could be read as a claim of prosecutorial misconduct, Pons expressly based this motion on allegations of prosecutorial misconduct presented in other motions. All of those allegations were rejected previously and do not merit reconsideration. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir.1982) (law of the case governs absent clear error resulting in manifest injustice).
 
 
 5
 Pons also filed a Rule 32 motion to correct the PSR to reflect that his $300,000 fine was imposed subject to later modification in the event that his challenge to forfeiture was unsuccessful. We construe this motion as a section 2255 challenge to Pons's sentence. See United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990) (Rule 32 objections to the PSR must be made before sentencing), cert. denied, 502 U.S. 969 (1991); United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992) (construing Rule 35 motion as a section 2255 motion). Although Pons would like to treat the fine as a conditional one, the district court properly ruled that the fine "remains properly imposed." See U.S.S.G. Sec. 5E1.2(a) (the district court is required to impose a fine unless "the defendant establishes he is ... not likely to become able to pay any fine"). His motion at this time is premature. In the event that Pons is ultimately unsuccessful in his challenge to the forfeiture, the government agrees that he can move for modification of the fine at that time.
 
 
 6
 In his third post-conviction motion, Pons sought the return of property pursuant to Rule 41(e). The district court properly denied the motion with respect to the rifles. As a felon, Pons cannot lawfully possess the weapons and his common-law wife, even could she establish an actual ownership interest in the rifles and lawfully possess them, has not requested them.
 
 
 7
 In his traverse to the government's opposition to the motion, Pons raised a claim that government agents "skimmed off $9,000 in currency not subject to the forfeiture action." The district court did not consider this issue and we remand. See Boardman v. Estelle, 957 F.2d 1523, 1525 (9th Cir.) (remand required when district court did not consider a claim raised for the first time in a traverse), cert. denied, 113 S.Ct. 297 (1992). We otherwise affirm the district court's denial of the Rule 41(e) motion.
 
 Challenge to Prior Criminal Appeal
 
 8
 In appeal No. 93-16957, Pons appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his conviction. He contends he did not knowingly and intelligently waive his right to counsel on direct appeal because this court failed to warn him of the dangers and disadvantages of self-representation at the time he moved to proceed pro se.
 
 
 9
 After appointed counsel filed the opening brief on direct appeal, Pons filed two pro se motions: one to proceed pro se and the other for withdrawal of appointed counsel. When this court asked Pons whether he wished to proceed wholly independently or rely in part or in whole upon counsel's brief, Pons responded that he intended to rely solely on his pro se brief.
 
 
 10
 Pons relies on United States v. Balough, 820 F.2d 1485, 1490 (9th Cir.1987) and United States v. Rylander, 714 F.2d 996 (9th Cir.1983), cert. denied, 467 U.S. 1209 (1984). These cases concern waiver of counsel at trial. The leading case in this circuit on waiver of counsel on appeal is Hendricks v. Zenon, 993 F.2d 664 (9th Cir.1993). In that case, Hendricks moved to remove appointed counsel and for appointment of new counsel. Id. at 668. Appointed counsel then moved to withdraw as counsel and to withdraw the appellate brief filed on Hendricks's behalf. Id. The state appellate court granted counsel's motion but "did not appoint new counsel, leaving Hendricks to pursue his direct appeal unrepresented." Id. The state appellate court subsequently granted Hendricks's motion for an extension of time to file a pro se brief and denied his motion for appointment of new counsel. Id. "Hendricks never requested to proceed pro se." Id. at 669. "He was forced into this posture when his request for substitute counsel was denied and the public defender withdrew her brief." Id.
 
 
 11
 Unlike Hendricks, Pons moved to proceed pro se and expressly asked this court to disregard counsel's arguments. He never requested substitute counsel. Pons was not forced to proceed pro se. Consequently, we affirm the district court's denial of Pons's section 2255 motion.
 
 The Forfeiture Appeal
 
 12
 In appeal No. 93-16796, Pons appeals from the order of forfeiture entered by the district court on September 27, 1993. The government and Pons had previously stipulated that the district court could grant the forfeiture if Pons's criminal convictions were upheld on appeal. This court affirmed Pons's convictions on February 26, 1992. See U.S. v. Pons, No. 89-10578 (9th Cir. Feb. 26, 1992).
 
 
 13
 The challenges that Pons raised in the district court to the validity of the underlying stipulation, including allegations of involuntariness, are without merit and the district court properly rejected them. After the district court entered its order of forfeiture, however, this court decided United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended, No. 93-55947, slip op. 5867 (9th Cir. May 30, 1995). In $405,089.23 U.S. Currency we held that a civil forfeiture constituted "punishment" and could be barred by the Double Jeopardy Clause if the forfeiture was exacted in a separate proceeding for the same offense. See $405,089.23 U.S. Currency, 33 F.3d at 1222. Our decision in that case is not final. Both parties recognize that under the principles enunciated by the Supreme Court in James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 540-44 (1991), and Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993), the decision in See $405,089.23 U.S. Currency, 33 F.3d at 1222. Our decision in that case is now final.
 
 
 14
 Both parties recognize that under the principles enunciated by the Supreme Court in James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 540-44 (1991), and Harper v. Virginia Dep't Of Taxation, 113 S.Ct. 2510, 2517 (1993), the decision in $405,089.23 U.S. Currency would ordinarily apply retroactively to all cases still pending on direct appeal. The government, however, contends that Pons waived any double jeopardy defense when he entered the stipulation. A waiver of a double joepardy defense must be knowing, intelligent, and voluntary. See Brady v. United States, 397 U.S. 742, 748 (1970). Because $405,089.23 U.S. Currency had not yet been decided, Pons did not knowingly waive the defense when he entered the stipulation. Therefore, we remand to the district court to consider the merits of whether the forfeiture is barred by the Double Jeopardy Clause.
 
 Conclusion
 
 15
 In appeal No. 93-10558, the district court's denial of the motions to recuse the prosecutor and to correct the PSR to reflect a conditional fine are AFFIRMED. The Rule 41(e) motion is REMANDED to the district court for it to address Pons's claim that government agents "skimmed off $9,000 in currency not subject to the forfeiture action." The district court's denial of the Rule 41(e) motion is otherwise AFFIRMED.
 
 
 16
 In appeal No. 93-16957, the district court's denial of the section 2255 motion is AFFIRMED.
 
 
 17
 In appeal No. 93-16796, the forfeiture judgment is REMANDED to the district court to consider whether the civil forfeiture proceeding is barred by the Double Jeopardy Clause.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3